# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| JOHNNIE ALLEN WINNERS, | ) | |
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-487-TLS |
| JARED FRADENBURGH, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Johnnie Allen Winners, a Plaintiff proceeding pro se, filed a Complaint [ECF No. 1] against the Defendant, Jared Fradenburgh, a police officer for the State of Indiana. He also filed a Motion for Leave to Proceed in forma pauperis [ECF No. 2]. For the reasons set forth below, the Plaintiff's Motion is DENIED. The Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and he is GRANTED additional time to amend his Complaint, accompanied either by the statutory filing fee or another Petition to Proceed Without Pre-Payment of Fees and Costs. If the Plaintiff fails to amend his Complaint within the time allowed, the Clerk will be directed to close this case without further notice to the Plaintiff.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and

second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's Motion establishes that he is unable to prepay the filing fee.

The inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The basis for the Plaintiff's suit appears to be as follows: the Defendant detained the Plaintiff after observing the Plaintiff operating a vehicle with a light that was not functioning. The encounter lasted for about thirty-five minutes and resulted in a citation for driving while suspended. The Plaintiff asserts that this detention was unlawful because the Defendant did not have a warrant for his detention, which denied him due process of law. The Plaintiff appears to be asserting a violation of 42 U.S.C. § 1983. The Plaintiff seeks $5,000,000 in damages.

In relevant part, 42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

"In order to state a claim under Section 1983, a plaintiff must allege that the defendants deprived him of a right secured by the Constitution or laws of the United States, and that the defendants acted under color of state law." *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1009 (7th Cir. 2000) (citing *Starnes v. Cap. Cities Media, Inc.*, 39 F.3d 1394, 1396 (7th Cir. 1994)). The right secured by the Constitution that the Plaintiff asserts appears to be his Fourth Amendment right to be free from unreasonable searches or seizures.

The Fourth Amendment to the United States Constitution guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. When police officers stop an automobile and detain the occupants briefly, the stop amounts to a seizure within the meaning of the Fourth Amendment. *Whren v. United States,* 517 U.S. 806, 809–10 (1996); *see also United States v. Arvizu*, 534 U.S. 266, 273 (2002) (stating that the Fourth Amendment's protection against "unreasonable searches and seizures" extends to "brief investigatory stops of persons or vehicles"). "As a general matter,

the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren*, 517 U.S. at 810.

However, "a seizure that is lawful at its inception can violate the Fourth Amendment if its manner of execution unreasonably infringes interests protected by the Constitution." *Illinois v. Caballes*, 543 U.S. 405, 407 (2005). The length of detention following a traffic stop based upon probable cause must be reasonable. *Id.*; *United States v. Muriel*, 418 F.3d 720, 725 (7th Cir. 2005); *United States v. Childs,* 277 F.3d 947, 954 (7th Cir. 2002) (en banc) ("What the Constitution requires is that the entire process remain reasonable.").

The Plaintiff has not alleged sufficient facts that plausibly suggest that the Defendant violated the Plaintiff's Fourth Amendment rights. A police officer does not need a warrant to execute a traffic stop so long as he has probable cause to believe that the driver has committed a traffic violation. In this case, the Plaintiff has stated that the Defendant pulled him over for having a light out. Indiana Code §§ 9-19-6-3 and 9-19-6-4 detail headlight and taillight requirements for vehicles operating in the State, and the Plaintiff has not alleged that his lights were, in fact, properly functioning. Therefore, nothing in the Plaintiff's Complaint suggests that the Defendant did not have probable cause to detain him.

It is true that the length of a traffic stop must remain reasonable even if a police officer had probable cause to execute the stop. But here, the Plaintiff has alleged only that he was detained for thirty-five minutes and provides no further detail. He has not alleged any facts demonstrating why thirty-five minutes was unreasonable given the circumstances.

Given the aforementioned, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff until December 29, 2017, to file an amended complaint. *See Luevano*, 722

F.3d at 1022 (stating that a litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). When drafting his amended complaint, the Plaintiff should detail why thirty-five minutes was an unreasonable amount of time to complete the traffic stop given the circumstances. Along with an amended Complaint, the Plaintiff must also file a new Petition to Proceed Without Prepayment of Fees and Costs *or* pay the filing fee.

If the Plaintiff does not file an amended complaint by December 29, 2017, the Court will direct the Clerk to close this case.

## CONCLUSION

For the foregoing reasons, the Court:

(1) DENIES the Plaintiff's Motion for Leave to Proceed in forma pauperis [ECF No.2];

(2) DISMISSES the Complaint [ECF No. 1];

(3) GRANTS the Plaintiff until December 29, 2017, to file an amended complaint, accompanied by a new Petition to Proceed Without Prepayment of Fees and Costs *or* the filing fee;

(4) CAUTIONS the Plaintiff that

(a) if he does not respond by the above deadline, this case will be dismissed without further notice;

(b) any amended complaint must describe in detail why thirty-five minutes was an unreasonable amount of time to conduct the traffic stop given the circumstances.

SO ORDERED on December 4, 2017.

       s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT